UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | 25-cr-00138-01 (RJL) |
| **DREMALE VANTERPOOL** | : | |

### MOTION TO SUPPRESS TANGIBLE EVIDENCE

Mr. Dremale Vanterpool, through undersigned counsel, respectfully moves this Honorable Court to suppress the use as evidence at trial of all tangible objects seized as the result of the stop of a Nissan Rogue and the stop and search of Mr. Vanterpool on June 7, 2023. The stop of the car and stop and search of Mr. Vanterpool were the result of violations of Mr. Vanterpool's rights under the Fourth Amendment to the United States Constitution. An evidentiary hearing on this motion is requested.

### Statement of Facts

On June 7, 2023, police conducted a stop of a Nissan Rogue in the 1300 block of H Street, N.E. The car then left that area and police stopped it again in the 3400 block of Minnesota Avenue, S.E., where according to officers, Mr. Vanterpool and co-defendant Torrance Brock ran from the car. Both defendants were chased and stopped by police. Police allege that while running from them, Mr. Vanterpool discarded a firearm and crack cocaine, and Mr. Brock discarded another firearm, and police later seized these items. According to police officers, after stopping and arresting Mr. Vanterpool, they searched him and seized a scale, $605, two cell phones, and a clear bag with a purple powder substance.

On May 14, 2025, a grand jury returned and indictment in this matter, charging Mr. Vanterpool with possession of a firearm (a Springfield Armory Hellcat 9mm) by a person previously convicted of a crime punishable by imprisonment for a term exceeding one year (Count One), unlawful possession with intent to distribute cocaine (Count Three), and using, carrying, and possessing a firearm during and in relation to a drug trafficking offenses (Count Four). Mr. Brock is charged in a separate count with possession of a firearm (a Taurus G3C 9mm) by a person previously convicted of a crime punishable by imprisonment for a term exceeding one year (Count Two).

## **ARGUMENT**

The Fourth Amendment guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "It is a first principle of Fourth Amendment jurisprudence that the police may not conduct a search unless they first convince a neutral magistrate that there is probable cause to do so." *New York v. Belton*, 453 U.S. 454, 457 (1981). As the Supreme Court has repeatedly held, "searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment -- subject only to a few specifically established and well delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357 (1967) (footnote omitted); *see also United States v. Jackson*, 415 F.3d 88, 91 (D.C. Cir. 2005).

The evidence at issue here was seized following the warrantless seizure of the Nissan Rogue and Mr. Vanterpool, and the warrantless search of Mr. Vanterpool. Where the government seeks to introduce evidence seized without a warrant, it has the burden of showing that the evidence falls within one of the "few specifically established and well delineated

2

exceptions" to the warrant requirement. *Coolidge v. New Hampshire*, 403 U.S. 443, 455 (1971); *Katz*, 389 U.S. at 357 (1967); *Jackson*, 415 F.3d at 92 (citing *United States v. Jeffers*, 342 U.S. 48, 51 (1951)); *United States v. Castle*, 825 F.3d 625, 634 (D.C. Cir. 2016); *Rouse v. United States*, 359 F.2d 1014, 1016 (D.C. Cir. 1966) ("[T]he police[] . . . have the burden of showing that a warrantless arrest was valid."); Wayne LaFave, Search and Seizure: A Treatise on the Fourth Amendment § 11.2(b) (4th ed. 2004) ("if the police acted without a warrant the burden of proof is on the prosecution"). Because the government cannot meet its burden here, the evidence must be suppressed. *See Wong Sun v. United States*, 371 U.S. 471, 488 (1963) (if the evidence has been obtained through the exploitation of a Fourth Amendment violation the evidence must be suppressed).

The defense has no burden to anticipate potential government arguments and rebut them, and Mr. Vanterpool reserves the right to respond to any evidence and arguments submitted by the government in an effort to meet its burden in this matter. *See United States v. Person*, 754 F. Supp. 3d 231, 242 (D.D.C. 2024) (case law permits defense counsel to develop suppression arguments at the suppression hearing).

Counsel nonetheless notes that the government likely will argue that the police officers had reasonable suspicion to stop the car based on an alert to the presence of a vehicle wanted in connection with armed robberies in another jurisdiction. The car was not involved in any such robberies. Police seized the car when they activated their emergency lights and sirens and the car submitted to their authority by pulling over. Because this initial seizure was not based on probable cause or reasonable articulable suspicion, the seizure was unlawful and all of the evidence recovered as a result of the events that followed must be suppressed.

In addition, police officers chased, stopped, and searched Mr. Vanterpool without reason to believe he committed a criminal offense. Even if the government evidence demonstrates that Mr. Vanterpool ran from the car, there was no other evidence connecting him to criminal activity. *Illinois v. Wardlow*, 528 U.S. 119, 125 (2000) ("[R]efusal to cooperate, without more, does not furnish the minimal level of objective justification needed for a detention or seizure."); *see also United States v. Woodruff*, 22-cr-219 (JMC), ECF 34 at 8 (flight provoked by police action alone is not sufficient to justify seizure). Any evidence seized from Mr. Vanterpool's person must be suppressed as a result of the unlawful seizure and search of Mr. Vanterpool.

## Conclusion

Wherefore, for the foregoing reasons, and such other reasons as may be presented at a hearing in this matter, Mr. Vanterpool respectfully submits that the use as evidence of all items obtained as a result of the stop of the Nissan Rogue and the search of Mr. Vanterpool must be suppressed.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/
_____
MARY MANNING PETRAS
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500