**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| **v.** | **:** | **25-cr-00138-01 (RJL)** |
| **DREMALE VANTERPOOL** | **:** | |

**DEFENDANT VANTERPOOL'S
<u>OPPOSITION TO MOTION TO RECONSIDER</u>**

On September 16, 2025, Dremale Vanterpool filed Defendant Vanterpool's Motion for Relief from Misjoinder and for Severance of Defendants. ECF 35. On January 29, 2026, the Court granted the motion under Federal Rule of Criminal Procedure 14, because the Court had issued a bench warrant for co-defendant, Torrance Brock, and stayed the proceedings against him. After Mr. Brock was re-arrested and returned to this jurisdiction, the government moved to reconsider the order severing Mr. Vanterpool's trial from Mr. Brock's trial. ECF 92. The Court should deny the motion because Federal Rule of Criminal Procedure 8(b) does not permit a joint trial of the charges against Mr. Vanterpool with the charges against Mr. Brock.

Rule 8(b) permits joinder of defendants only if "they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, *constituting an offense or offenses*." (Emphasis added). In its opposition to Mr. Vanterpool's motion for relief from this misjoinder, the government ignored the phrase "constituting an offense or offenses," *see* ECF 41 at 1, 9, and cited authorities that are inapposite, *id.* at 10. The government's motion to reconsider makes no new argument to support its position that joinder would be permissible under Rule 8(b).

The government bears the burden of demonstrating that offenses are properly joined under Rule 8. *See United States v. McGill*, 815 F.3d 846, 905 (D.C. Cir. 2016) (finding government satisfied "its Rule 8 burden"). They have not and cannot meet that burden here. Mr. Vanterpool and Mr. Brock are not charged with the same offense or offenses but rather are accused of possessory offenses that are alleged to have occurred at the same time in the same area. Mr. Brock is charged with possessing a firearm. Mr. Vanterpool is not alleged to have participated in any act or transaction that constitutes Mr. Brock's alleged possessory offense. Mr. Vanterpool is charged with possession of a different firearm and possessing with intent to distribute cocaine. Mr. Brock is not alleged to have participated in any act or transaction that constitutes Mr. Vanterpool's alleged possessory offenses. The government's allegation that they committed "nearly identical acts, at the same time, for the same reasons," ECF 41 at 11 n.11, may show similar offenses, but the similarities do not constitute the necessary same act or transaction (or same series of acts or transactions) for joinder under Rule 8(b). The D.C. Circuit has clearly stated that the similarity of offenses is not sufficient under Rule 8(b). *See United State v. Nicely*, 922 F.2d 850, 853 (D.C. Cir. 1994) ("Rule 8(b)'s language 'may not be read to embrace similar or even identical offenses, *unless* those offense are related. . . . . [T]here must be a logical relationship between the acts or transactions within the series.").

Here, there is no allegation of any joint participation in any conduct that constitutes any of the charged offenses or any allegation of a conspiracy to commit the same offense or offenses. The only alleged joint conduct was riding in the same car and running from police at the same time. For joinder under Rule 8(b), however, the joint conduct must constitute the offense. *See United States v. Perry*, 731 F.2d 985, 990 (D.C. Cir. 1984) ("The Rule is not limited to offenses or transactions, but extends to a 'series of *acts* . . . *constituting an offense* . . .' in which the

joined party participated, even though he may not be charged on that offense." (emphasis added) (citing Fed. R. Crim. Proc. 8)). Separate possessory offenses cannot be joined simply because they occurred at the same time in the same area. Counsel has found no reported cases in which the government has attempted to join defendants charged with different possessory offenses simply because the offenses occurred at the same time or place.

In an attempt to support the joinder of the separate possessory offenses charged here, the government cites cases that demonstrate that joinder is not permissible under these circumstances. *See* ECF 41 at 10 (citing *United States v. Johnson*, 46 F.3d 1166, 1172 (D.C. Cir. 1995); *United States v. Perry*, 731 F.2d 985, 990 (D.C. Cir. 1984); *United States v. McCaughey*, 605 F. Supp. 3d 84, 88 (D.D.C. 2022)).

In *Johnson,* one defendant was charged with drug and firearm related offenses, and another was charged, under the D.C. Code, with aiding and abetting the first defendant's possession of *the same* firearm. 46 F.3d at 1168. In rejecting the second defendant's argument that the federal courts lacked jurisdiction over her charge under the D.C. Code, the D.C. Circuit noted that the offenses were properly joined because they arose out of the same scheme or plan:

> namely, the possession of a firearm in D.C. without a valid registration. The prosecution made a pretrial proffer and introduced trial evidence for the proposition that [the defendants] traveled together to a Maryland gun store where [the second defendant] bought the gun under her name at a time when they were both D.C. residents, that [the second defendant] enabled [the first] to possess the gun, and that [the first] told the police that [the second] brought the gun into the house.

*Id.* In contrast, here, the defendants are not charged with possessing the same firearm, and there is no allegation of any joint conduct related to the possession of either of the firearms or the cocaine. There was no common scheme to commit an offense, but rather only similar offenses.

3

In *Perry*, the government charged offenses arising out of two narcotics transactions. 731 F.2d at 986. One defendant (Perry) was charged in both transactions, but the other (Lynch) was only charged in one of the two transactions. *Id.* In assessing whether the offenses were properly joined, the D.C. Circuit noted:

> the charge against Perry arising out of the September 28 cocaine transaction was properly joined with the charges against both Perry and Lynch on the October 12 incident only if both defendants were 'alleged to have participated . . . in the same series of acts or transactions . . . .' [Rule 8(b)] *Some participation on the part of appellant Lynch in the September 28 transaction is requisite.*

*Id.* at 989 (emphasis added). Here, there is no participation by Mr. Vanterpool in Mr. Brock's alleged possession of the firearm he is charged with possessing, and no participation by Mr. Brock in Mr. Vanterpool's alleged possession of a firearm and cocaine. The Court in *Perry* upheld the joinder of the two separate transactions because there was evidence that, although he was not charged in the second transaction, Lynch was the source of the drugs sold by Perry and thus participated in that transaction. *Id.* a t 991.

In *McCaughey*, the court upheld the joinder of defendants charged with participating in the January 6 riot at the United States Capital. 605 F. Supp. 3d 84. The court specifically noted that "the Indictment and pretrial evidence show *commonality beyond mere spatial and temporal proximity.*" *Id.* at 88 (emphasis added). The court noted that the charges could not be committed alone and required the participation of multiple people ("violence by assemblages of three or more persons") and the evidence showed concerted activity by the defendants, finding that because the defendants worked together to commit the offense, they should be tried together. *Id.* at 89 ("[The defendants] sought to overrun police and enter the Capitol, and their acts of violence fed off one another to achieve that shared goal."). Here, however, the defendants did not work

together to possess firearms. There is no evidence of any joint activity constituting the possession of the firearms or any other offense, only mere spatial and temporal proximity.

Where, as here, Rule 8(b) does not permit joinder, no showing of prejudice is required, and the trials cannot be joined. *See, e.g., United States v. Suggs*, 531 F. Supp. 2d 13, 27-28 (D.D.C. 2008) ("the Court has no discretionary authority to join offenses that do not meet the requirements of Rule 8"). Because they are not part of the same act or transaction or same series of acts or transactions *constituting an offense or offenses*, the trial of the charges against Mr. Vanterpool (Counts One, Three, and Four) must be severed from the trial of the charge against Mr. Brock (Count Two).

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/

_____
MARY MANNING PETRAS
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-750